**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUIS HERNANDEZ and CINDY
CALDERON,

               Plaintiffs - Appellants,

v.

CITY OF SAN JOSE; et al.,

               Defendants - Appellees.

No. 13-16878

D.C. No. 5:12-cv-02952-HRL

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding

Argued and Submitted November 19, 2015
San Francisco, California

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

Luis Hernandez and Cindy Calderon appeal the district court's grant of

summary judgment in favor of the defendants on their First Amendment retaliation

and parallel state law claims. The district court held that Hernandez and Calderon

failed to raise a genuine dispute of material fact as to whether Hernandez's speech

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

was a substantial or motivating factor in the alleged adverse employment actions that followed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

As defendants now concede, Hernandez engaged in protected speech when he spoke publicly about time-sheet fraud in the San Jose Police Department. *See Hagen v. City of Eugene*, 736 F.3d 1251, 1258 (9th Cir. 2013). According to Hernandez, within weeks of this speech, his supervisor downgraded his performance review from "above standard" to "meets standards"; Department officials eliminated his administrative position; and he was reassigned to work patrol, a position he considered less desirable. The pattern of unfavorable treatment continued into the limitations period.[1] In particular, both Hernandez and Calderon, who was Hernandez's partner and friend, were denied admission to the Gang Investigations Unit and the Family Violence Unit.

Motive "is purely a question of fact," *Eng v. Cooley*, 552 F.3d 1062, 1071 (9th Cir. 2009), and "very little evidence is necessary to raise a genuine issue of fact regarding an employer's motive; any indication of discriminatory motive may suffice to raise a question that can only be resolved by a fact-finder," *Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1127 (9th Cir. 2009) (quoting *McGinest v.*

---

[1] Because the district court did not reach this issue, we assume without deciding that Hernandez and Calderon adduced sufficient evidence of cognizable adverse employment actions to survive summary judgment.

*GTE Serv. Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004)). Hernandez attested that

Captain Ernesto Alcantar and Lieutenant James Werkema, both individual

defendants, each warned him against speaking about the time-sheet fraud,[2]

providing evidence of a causal connection between his speech and the adverse

actions. *See Anthoine v. N. Cent. Ctys. Consortium*, 605 F.3d 740, 750 (9th Cir.

2010). Although Alcantar and Werkema were not directly involved in the

specialized unit admissions decisions, a jury could reasonably infer that they

influenced the process: Hernandez and Calderon attested to a workplace hierarchy

driven by personal relationships and favoritism. They also provided evidence that

the proffered reasons for their specialized unit rejections were pretextual, including

that they were among the most senior officers who applied to the units; the head of

the Gang Investigations Unit denied Hernandez a routine scheduling

accommodation; and the head of the Family Violence Unit refused to talk to

Calderon about her examination results. *See id.* at 750–52. Based on this and

---

[2] The district court improperly struck some of this evidence as inadmissible hearsay. These were statements of opposing parties, which are not hearsay. *See* Fed. R. Evid. 801(d)(2). Although Hernandez and Calderon failed to appeal the district court's evidentiary rulings, we "retain[] the independent power to identify and apply the proper construction of governing law," especially when it is important for proper consideration of the case on remand. *Thompson v. Runnels*, 705 F.3d 1089, 1098 (9th Cir. 2013) (quoting *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991)).

other record evidence, a jury could find a causal nexus under a "cat's paw" theory. *See Staub v. Protor Hospital*, 562 U.S. 411, 419 (2011); *Poland v. Chertoff*, 494 F.3d 1174, 1182 (9th Cir. 2007).

**REVERSED AND REMANDED.**